# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50427 | **DATE** | 2/11/2002 |
| **CASE TITLE** | SAMIER vs. WEIMER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant Andrew Kowalkowski's motion to dismiss is granted.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | |
|---|---|---|
| | No notices required, advised in open court. | |
| | No notices required. | number of notices |
| X | Notices mailed by judge's staff. | |
| | Notified counsel by telephone. | FEB 1 1 2002 date docketed |
| | Docketing to mail notices. | |
| | Mail AO 450 form. | docketing deputy initials |
| | Copy to judge/magistrate judge. | 2-11-02 date mailed notice |
| /SEC | courtroom deputy's initials | |
| | Date/time received in central Clerk's Office | mailing deputy initials |

## MEMORANDUM OPINION AND ORDER

Michael Thomas Samier ("Michael") committed suicide on October 23, 1998, while incarcerated at the Dixon Correctional Center. Plaintiff, Barbara Samier, as special administrator of Michael's estate, filed her original complaint in state court on October 13, 2000, against Dr. Weimer (sic), James Sliger, and Suzette Gonzalez asserting a claim for civil rights violations under 42 U.S.C. § 1983. On November 13, 2000, plaintiff filed her amended complaint in state court adding James English, M.D. and Dr. Randkamsh as defendants. On December 6, 2000, Defendant Weiner removed the action to this court under 28 U.S.C. § 1441 based on federal question jurisdiction. Plaintiff was granted leave to file a second amended complaint ("complaint") in this court which she did on May 2, 2001. In it she names Andrew Kowalkowski, M.D. as a defendant, drops Dr. Randkamsh as a defendant and changes Mr. Sliger's first name from James to Charles. Kowalkowski is named only in Count I of the complaint and has moved to dismiss himself from the complaint under Federal Rule 12(b)(6).

A 12(b)(6) motion is granted only if no set of facts consistent with plaintiff's complaint could be presented which would entitle her to judgment. See Hedrich v. Bd of Regents of Univ. of Wisc. Sys., 274 F.3d 1174 (7th Cir. 2001). Kowalkowski's motion is based on the statute of limitations. The parties agree that Illinois's two year statute of limitations applies to Section 1983 actions. Kowalkowski asserts that he was not named as a defendant until May 2, 2001, which is more than two years after December 16, 1998, the date plaintiff alleges the cause of action accrued. Plaintiff asserts that when she sued Dr. Randkamsh (a nonexistent person) in November 2000, it was simply a misnomer for Kowalkowski and that she is entitled to correct the misnomer and have the correction relate back to that date under Illinois law and Federal Rule 15(a) & (c).

Plaintiff's reliance on the part of Rule 15(a) allowing amendment without leave of court prior to defendant filing a responsive pleading is misplaced. The cases cited by plaintiff, Peterson v. Sealed Air Corp., 902 F.2d 1232 (7th Cir. 1990), Datskow v. Teledyne, Inc., 899 F.2d 1298 (2nd Cir. 1990), cert. denied 498 U.S. 854 (1990) and Dandrea v. Malsbary Mfg. Co., 839 F.2d 163 (3rd Cir. 1988) do not support her claim that a defendant's name can be changed at anytime before defendant files a responsive pleading. These cases apply Rule 15(c) which is the controlling rule for the relation back issues presented here.

Rule 15(c)(3) controls relation back of amendments naming or changing a party. Relation back is allowed when within the period provided by rule 4(m) for service of process the party to be brought in by amendment "(A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party". Fed.R. 15(c)(3). Plaintiff must show a mistake in the party named and that Kowalkowski is chargeable with knowledge of that mistake. See King v. One Unknown Federal Correctional Officer, 201 F.3d 910, 914 (7th Cir. 2000). While plaintiff tries to characterize this as a case of simple misnomer, it is really a case where an unknown party is named originally. Plaintiff sought to sue whoever signed a certain medical record (the signature being unreadable), like King sought to sue whatever correctional officer was stationed near his cell when he was attacked. Id. at 912. Here, plaintiff did not know the identity of that person and rendered "Dr. Randkamsh" as a name to fit the signature. Plaintiff knew there was a doctor who signed the document like King knew there was an officer nearby. This is not a "mistake" that allows plaintiff to bring the now identified Kowalkowski into the suit after the statute of limitations has run as to him by treating him as the nonexistent Dr. Randkamsh. See Id.; Baskin v. City of Des Plaines, 138 F.3d 701 (7th Cir. 1998).

Even applying Illinois law, via Rule 15(c)(1), as plaintiff requests, does not assist her. Illinois law allows correcting a misnomer after the statute of limitations has run but not naming a new defendant in a case of mistaken identity (or unknown identity) unless, the requirements of 735 ILCS 5/2-616(d) are met. See Athmer v. C.E.I. Equip. Co., Inc., 121 F.3d 294, 296 (7th Cir. 1997)(applying Illinois law). Those requirements include serving the correct defendant within the limitations period. Id. Kowalkowski was not served until August 2, 2001, well beyond the limitations period.

Plaintiff has not met either the state or federal standards to allow relation back of her second amended complaint as to Kowalkowski. Kowalkowski's motion to dismiss is granted.