Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 50427 | DATE | 2/11/2002 |
| CASE TITLE | | SAMIER vs. WEIMER | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the Memorandum Opinion and Order set forth on the reverse, defendant Larry Weimer's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices mailed by judge's staff. | | | 4 |
| | Notified counsel by telephone. | | FEB 11 2002 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2-11-02 date mailed notice | |
| SW courtroom deputy's initials | | Date/time received in central Clerk's Office | SW mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Michael Thomas Samier ("Michael") committed suicide on October 23, 1998, while incarcerated at the Dixon Correctional Center. Plaintiff, Barbara Samier, as special administrator of Michael's estate, filed her original complaint in state court on October 13, 2000, against Dr. Weimer (sic), James Sliger, and Suzette Gonzalez asserting a claim for civil rights violations under 42 U.S.C. § 1983. On November 13, 2000, plaintiff filed her amended complaint in state court adding James English, M.D. and Dr. Randkamsh as defendants. On December 6, 2000, Defendant Larry Weiner removed this action to this court based on federal question jurisdiction under 28 U.S.C. § 1441. Plaintiff was granted leave to file a second amended complaint ("complaint") in this court which she did on May 2, 2001. In it she names Andrew Kowalkowski, M.D. as a defendant, drops Dr. Randkamsh as a defendant and changes Mr. Sliger's first name from James to Charles. Weiner is named only in Count I of the complaint and has moved to dismiss the "state law counts" against him pursuant to Federal Rule 12(b)(6).

A 12(b)(6) motion is granted only if no set of facts consistent with plaintiff's complaint could be presented which would entitle her to judgment. See Hedrich v. Bd of Regents of Univ. of Wisc. Sys., 274 F.3d 1174 (7th Cir. 2001). Weiner's motion asserts plaintiff's complaint "ostensibly under 42 U.S.C. § 1983 . . . basically alleges pyschiatric malpractice." He contends this state law claim must be dismissed for failure to provide a certificate of merit which is required to bring a medical malpractice action under Illinois law. 735 ILCS 5/2-622. Plaintiff responds that there are no state law claims. Her action is strictly under section 1983.

Weiner's motion and memorandum are confusing in that they seek to dismiss the state law claims and also seem to indicate that there are only state law claims. However, he does not argue, at least directly, that the complaint does not state a cause of action under section 1983. Since plaintiff could prove a set of facts consistent with her complaint which would entitle her to judgment under section 1983, see Id., the complaint will not be dismissed. Weiner's motion to dismiss is denied.

In light of plaintiff's concession in her response to the motion that the complaint does not assert any state law claims, plaintiff is precluded from asserting any state law claims unless granted leave to file a subsequent amended complaint.