# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50427 | **DATE** | 2/11/2002 |
| **CASE TITLE** | SAMIER vs. WEIMER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant James English's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| ☐ No notices required, advised in open court. | |
| ☐ No notices required. | number of notices |
| ☒ Notices mailed by judge's staff. | FEB 1 1 2002 date docketed |
| ☐ Notified counsel by telephone. | |
| ☐ Docketing to mail notices. | docketing deputy initials |
| ☐ Mail AO 450 form. | 2-11-02 date mailed notice |
| ☐ Copy to judge/magistrate judge. | |
| lc / courtroom deputy's initials | Date/time received in central Clerk's Office / mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Michael Thomas Samier ("Michael") committed suicide on October 23, 1998, while incarcerated at the Dixon Correctional Center. Plaintiff, Barbara Samier, as special administrator of Michael's estate, filed her original complaint in state court on October 13, 2000, against Dr. Weimer (sic), James Sliger, and Suzette Gonzalez asserting a claim for civil rights violations under 42 U.S.C. § 1983. On November 13, 2000, plaintiff filed her amended complaint in state court adding James English, M.D. and Dr. Randkamsh as defendants. On December 6, 2000, Defendant Larry Weiner removed this action to this court based on federal question jurisdiction under 28 U.S.C. § 1441. Plaintiff was granted leave to file a second amended complaint ("complaint") in this court which she did on May 2, 2001. In it she names Andrew Kowalkowski, M.D. as a defendant, drops Dr. Randkamsh as a defendant and changes Mr. Sliger's first name from James to Charles. English is named only in Count I of the complaint and has moved to dismiss himself from the complaint under Federal Rule 12(b)(6).

A 12(b)(6) motion is granted only if no set of facts consistent with plaintiff's complaint could be presented which would entitle her to judgment. See Hedrich v. Bd of Regents of Univ. of Wisc. Sys., 274 F.3d 1174 (7th Cir. 2001). English's motion is based on the statute of limitations. The parties agree that Illinois's two year statute of limitations applies to Section 1983 actions. English maintains the November 13, 2000 amended complaint, which first names him, was filed beyond the two-year limitation period that commenced on Michael's death. Plaintiff counters that the November 13 complaint and the current complaint allege the cause of action did not arise until a coroner's inquest on December 16, 1998 revealed the death was the result of wrongdoing. Thus, plaintiff contends, the November 13, 2000 complaint against English was brought within two years of discovery and not barred by the statute of limitations.

While state law determines the period of limitations, federal law determines when a section 1983 action accrues. Heard v. Sheahan, 253 F.3d 316, 317-18 (7th Cir. 2001); Sellars v. Perry, 80 F.3d 243, 245 (7th Cir. 1996). A section 1983 action accrues when the plaintiff knows or has reason to know of the wrong that caused the injury on which the action is based. See Sellars at 245. Plaintiff has alleged she did not discover the wrong until December 16, 1998 when the coroner's inquest occurred. English, relying on state law, argues that a cause of action arising from a suicide accrues no later than the time of death since it is the result of a "sudden and traumatic event" and is an exception to the discovery rule.[1] However, when the cause of action accrued is determined by federal, not state, law. Heard at 317-18. While it is true, as English argues, that Michael's death was the last possible time Michael's civil rights could have been violated, it is not necessarily the case that plaintiff should have known or had reason to know at that time that a wrong had occurred causing the death. English has not presented any federal authority holding that, as a matter of law, the facts plaintiff pled establish the cause of action accrued more than two years prior to November 13, 2000, the date of the amended complaint naming English. If plaintiff proves, as she alleges, that she did not know or have reason to know of the wrong causing the injury until December 16, 1998 she can overcome English's statute of limitations defense. English's motion to dismiss is denied.

---

[1] The Illinois Appellate Court, however, has held in a case of attempted suicide, that the discovery rule applies where plaintiff's history of depression could have led her initially to believe depression, rather than defendant's negligence, was the cause of the attempt. Hochbaum v. Casiano, 292 Ill. App.3d 589, 595 (2nd Dist. 1997), appeal denied, 177 Ill.2d 570 (1998). Thus, even under Illinois law, the accrual of the cause of action would depend on when plaintiff knew or reasonably should have known of the alleged wrongdoing. Plaintiff has pled that December 16, 1998 is that date.